IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Edward Duncan, | ) | C/A No.: 1:14-2621-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). The Commissioner requests the court dismiss the case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). [ECF No. 10]. Alternatively, the Commissioner requests the court transfer the case to the proper venue. *Id.* Plaintiff filed a response in which he requests the case not be dismissed, but consents to the Commissioner's motion to transfer the case to the proper venue. [ECF No. 14 at 2]. Plaintiff also requests that the deadline for filing his initial brief be stayed by this court to allow him time to find local counsel in the proper venue. *Id.* For the reasons that follow, the undersigned recommends the court deny the Commissioner's motion to dismiss the case, grant the Commissioner's motion to

transfer the case to the proper venue, and stay the deadline for the filing of Plaintiff's brief until after the case is transferred to the proper venue.

I.      Motion to Dismiss Claim Under Rule 12(b)(3)

Plaintiff was required to bring this action in the district court for the judicial district in which he resided at the time the civil action was commenced. 42 U.S.C. § 405(g). Plaintiff set forth conflicting allegations in the complaint regarding his residency, stating that he was "a citizen and resident of Milton, Georgia," and that he resided in Hilton Head, South Carolina." [ECF No. 1 at ¶¶ 1, 2]. In her motion to dismiss, the Commissioner called to the court's attention that Plaintiff's request for Appeals Council review and the correspondence Plaintiff received from the Appeals Council bear an address in Milton, Georgia. [ECF No. 10 at ¶ 4]. In his response, Plaintiff specified that he moved to Milton, Georgia, from Hilton Head, South Carolina on or about March 19, 2013, and has continued to reside in Milton, Georgia. [ECF No. 14 at ¶ 2]. This action was commenced on June 27, 2014, more than one year after Plaintiff moved from the District of South Carolina. *See* ECF No. 1. Therefore, Plaintiff did not comply with the requirements of 42 U.S.C. § 405(g) to the extent that he failed to bring the action in the proper venue.

Although Plaintiff brought this action in an improper venue, the Commissioner has waived the improper venue defense by not complying with the provisions of Fed. R. Civ. P. 12(b)(3). A defense for improper venue may be asserted by motion, but the motion must be made before pleading if a responsive pleading is allowed. *See id.*; *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549 (4th Cir.

2006) (noting that because "a motion under Rule 12(b)(3) is a disfavored 12(b) motion," a defendant must raise the issue "in her first responsive pleading" or waive the issue). The Commissioner filed an answer on February 11, 2015, and subsequently filed the motion to dismiss on March 6, 2015. ECF Nos. 8 and 10. In light of the Commissioner's failure to raise the improper venue defense before filing an answer, the undersigned recommends the court find the Commissioner waived the improper venue defense and deny the Commissioner's motion to dismiss the case.

II.     Motion to Transfer Case to the Proper Venue

The Commissioner moved in the alternative for a transfer of venue to the District of Georgia[1] and Plaintiff requested the court grant the Commissioner's motion to transfer the case. ECF Nos. 10 at ¶ 7, 14 at ¶ 5. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Should the court find it necessary to hold a hearing in this case, it would be more convenient for Plaintiff to appear in the Northern District of Georgia. A transfer of venue to the Northern District of Georgia is also in the interest of justice because it was the venue in which Plaintiff was required to bring the case under the provisions of 42 U.S.C. § 405(g). Furthermore, the parties have consented to a transfer to the Northern District of Georgia. Because the motion for a transfer of

---

[1] The undersigned notes that the state of Georgia is divided into three districts: the Northern District of Georgia, the Middle District of Georgia, and the Southern District of Georgia. The undersigned has confirmed that Milton, Georgia lies within the jurisdiction of the Northern District of Georgia.

venue complies with the requirements of 28 U.S.C. § 1404(a), the undersigned recommends the court transfer the case to the Northern District of Georgia.

III.    Motion to Stay Deadline for Filing of Plaintiff's Brief

Plaintiff requests the deadline for filing his brief be stayed until after the case is transferred to the Northern District of Georgia because his present counsel is not licensed to practice in Georgia and it will be necessary for him to obtain new counsel. [ECF No. 14 at ¶ 6]. The undersigned finds Plaintiff's request to be reasonable and recommends the court stay Plaintiff's deadline to file his brief until the case is transferred to the Northern District of Georgia, where that court will set an appropriate deadline for the filing of Plaintiff's brief.

IT IS SO RECOMMENDED.

March 30, 2015                                  Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).